1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  RICHARD DUANE SAWYER,                     1:08-cv-00835 OWW SMS HC

10                    Petitioner,            FINDINGS AND RECOMMENDATION
                                             RECOMMENDING DISMISSAL OF
11          v.                               PETITION FOR FAILURE TO COMPLY
                                             WITH COURT ORDER
12
    UNKNOWN,                                 [Doc. 4]
13
                      Respondent.
14  _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

18          Petitioner filed the instant on June 16, 2008.  (Court Doc. 1.)  On July 14, 2008, the Court

19  issued an order to show cause why the petition should not be dismissed for failure to name a

20  proper respondent, failure to state a cognizable claim, and for failure to exhaust the state court

21  judicial remedies.  (Court Doc. 4.)  Petitioner failed to comply and/or otherwise respond to the

22  Court's order.  Although Petitioner filed a motion entitled "Motion to throw out false charges,"

23  on July 21, 2008, it is not responsive to the Court's July 14, 2008, order to show cause.  (Court

24  Doc. 5.)  Rather, the motion is wholly illegible and incoherent, and the Court cannot ascertain the

25  purpose or relief sought in filing the motion.  In addition, the motion is self-dated on July 12,

26  2008, which could not have been in response to the Court's order issued two-days thereafter on

27  July 14, 2008.  Accordingly, Petitioner has failed to respond to the Court's order and dismissal is

28  warranted.

1   Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these

2   Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

3   and all sanctions . . . within the inherent power of the Court." District courts have the inherent

4   power to control their dockets and "in the exercise of that power, they may impose sanctions

5   including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d

6   829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

7   failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

8   See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with

9   local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

10  comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833

11  F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

12  In determining whether to dismiss an action for lack of prosecution, the Court must

13  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

14  Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public

15  policy favoring disposition of cases on their merits; and, (5) the availability of less drastic

16  alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856

17  F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving

18  this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this

19  case has been pending since June 16, 2008. The Court cannot hold this case in abeyance

20  indefinitely awaiting compliance by Petitioner. The third factor, risk of prejudice to

21  Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the

22  occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522,

23  524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their

24  merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally,

25  given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.

26  Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for

27  Petitioner's failure to prosecute and for the reasons stated in the Court's July 14, 2008, order to

28  show cause. (Court Doc. 4.) This Findings and Recommendation is submitted to the United

States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636

(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court,

Eastern District of California.  Within thirty (30) days after being served with a copy, any party

may file written objections with the court and serve a copy on all parties.  Such a document

should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies

to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by

mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling

pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

<u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     September 3, 2008             /s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE